IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**BRANCH BANKING AND TRUST COMPANY**                                    **PLAINTIFF**

**v.**                                                                              **No. 2:11cv23-KS-MTP**

**RICHARD PRICE**                                                                   **DEFENDANT**

consolidated with

**BRANCH BANKING AND TRUST COMPANY**                                    **PLAINTIFF**

**v.**                                                                              **No. 3:11cv59-DPJ-FKB**

**ROBERT M. BUCHANAN, JR.**                                                         **DEFENDANT**

### ORDER CONSOLIDATING CASES AND GRANTING MOTION TO STRIKE JURY DEMAND

THESE MATTERS are before the court on the Motion to Strike Demand for Jury Trial and to Consolidate Cases filed by Plaintiff Branch Banking and Trust Company [15] in Cause No. 2:11cv23.[1]  Having considered the submissions of the parties and the applicable law, the court finds that the Motion [15] should be granted.

**Motion to Strike Jury Demand**

Several months after filing his Answer and Defenses [6] to the Complaint [1], Defendant Richard Price filed a Demand for Jury Trial [7].  Plaintiff claims Mr. Price waived his right to trial by jury pursuant to the waiver contained in the Limited Guaranty Agreement (the "Agreement") entered into by the parties.  The waiver provision in the Agreement provides as

---

[1] Plaintiff also filed a Motion to Consolidate [14] in Cause No. 3:11cv59-DPJ-FKB.  However, the Defendant did not make a jury demand in that case.

follows:

> **To the fullest extent permitted under applicable law, Guarantor and BB&T each hereby waives the right to a jury trial in any action, suit, proceeding or counterclaim arising out of or related to this Guaranty** . . . .

*See* Ex. A to Motion [15-1] (emphasis in original).  Mr. Price's notarized signature appears directly below the waiver provision in the Agreement.  Accordingly, Plaintiff moved to strike Mr. Prices's jury demand.

In opposition to the motion, Mr. Price claims he did not "consciously" waive his right to a jury trial and thus, his waiver was not knowing and voluntary.  He further claims there was no negotiation of the terms of the Agreement, and that he did not have the same level of sophistication and experience as Plaintiff.  Mr. Price also observes that Plaintiff should have raised this issue at the case management conference over seven months ago, and instead participated in the conference where the court set this matter for a jury trial and placed it on Judge Starrett's jury trial calendar.

This court applies federal law to determine whether a jury waiver is valid.  *See Charles v. Nasser Heavy Equip., Inc.*, No. 1:06cv556-LG-JMR, 2008 WL 3992648, at *2 (S.D. Miss. Aug. 22, 2008); *RDO Fin. Servs. Co. v. Powell*, 191 F. Supp. 2d 811, 812–13 (N.D. Tex. 2002).  A party may contractually waive his right to a jury trial, but the waiver must be made in a knowing, voluntary, and intelligent manner.  *Charles*, 2008 WL 3992648, at *2; *RDO*, 191 F. Supp. 2d at 813; *see also Key Equip. Fin., Inc. v. Desoto Imaging & Diagnostics, LLC*, No. 2:09-CV-61-P-A, 2009 WL 1690661, at *1 (N.D. Miss. June 17, 2009) ("The standard for waiver in a corporate property rights case is the same as the standard in a criminal proceeding: the waiver must be voluntary, knowing and intelligently made.").

In determining whether the wavier was knowing, voluntary, and intelligent, courts should consider the following factors:

2

> (1) whether there was a gross disparity in bargaining power between the parties; (2) the business or professional experience of the party opposing the waiver; (3) whether the opposing party had an opportunity to negotiate contract terms; (4) whether the clause containing the waiver was inconspicuous; and (5) whether the opposing party was represented by counsel.

*Charles*, 2008 WL 3992648, at *2 (citing *RDO*, 191 F. Supp. 2d at 813). "The party seeking the waiver has the burden of proof to establish that the waiver was knowing and voluntary." *Id.* Because the right to a jury trial is a fundamental right, there is a strong presumption against finding a waiver. *Id.* However, "jury trial waivers are common in loan agreements and loan guarantees, and these are regularly enforced." *Westside-Marrero Jeep Eagle, Inc. v. Chrysler Corp.*, 56 F. Supp. 2d 694, 706 (E.D. La. 1999) (citing cases).

The court finds that although Plaintiff could have raised this issue earlier, the waiver remains valid and enforceable. While there may have been some difference in the bargaining power between Plaintiff and Mr. Price, the court cannot find that there was a gross disparity. The jury waiver in the agreement applies equally to Plaintiff.

Regarding the second factor, Mr. Price may not have had the same sophistication as Plaintiff, but apparently had some business and professional experience; he was a business owner.[2] Third, Mr. Price states that the Agreement was prepared by Plaintiff and he had no input into its terms. However, Mr. Price does not aver or imply that he made any attempt to negotiate the terms of the Agreement. The fact that Mr. Price did not attempt to negotiate the terms of the Agreement does not mean that its terms were not negotiable. *See Westside-Marrero Jeep Eagle, Inc.*, 56 F. Supp. 2d at 708.

Regarding the fourth factor, the jury waiver is conspicuous; it appears in bold font directly above the signature line of the Agreement. *See* Ex. A to Motion [15-1]. *See Westside-Marrero*

---

[2] Mr. Price was the guarantor for debt owed by Orleans Furniture, Inc. based on his respective percentage of ownership. *See* Ex. A to Motion [15-1].

*Jeep Eagle, Inc.*, 56 F. Supp. 2d at 708 (holding that this factor weighed in favor of finding a waiver where the jury waiver appeared in block print directly above the signature line; "Even if the plaintiffs or their counsel declined to read the contract in its entirety, all the plaintiffs had to do to recognize that they were waiving their right to a jury was to skim the paragraphs immediately above their signatures."). In his affidavit, Mr. Price states, "I did not have any idea that I was supposedly waiving this right in this guaranty, and would never imagine that this type of provision would be in a guaranty." *See* Ex. A to Response [18]. However, as Plaintiff points out, Mr. Price had an obligation to read the contract prior to signing it, and does not claim that he was misled in any way. *See In re Craddock*, 403 B.R. 355, 357–58 (Bankr. M.D.N.C. 2009) (holding that in North Carolina,[3] "where a person of mature years of sound mind who can read or write signs or accepts a deed or formal contract affecting his pecuniary interest, it is his duty to read it, and knowledge of the contents will be imputed to him in case he has negligently failed to do so[,]" provided that he is not mislead in any way).

Finally, regarding the last factor, neither party addresses whether Mr. Price was represented by counsel when he signed the Agreement. Thus, this factor is not probative.

Based on the foregoing, the court finds that the jury waiver is valid, and that Mr. Price made the waiver in a knowing, voluntary, and intelligent manner. Accordingly, Plaintiff's motion to strike the jury demand should be granted.

**Motion to Consolidate**

Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, the court may consolidate actions involving common questions of law or fact, especially when doing so will avoid unnecessary costs or delay or will eliminate unnecessary repetition or confusion. *Miller v. U.S.*

---

[3]The Agreement contains a choice of law provision providing that North Carolina law applies. *See* Ex. A to Motion [15-1] at 4.

*Postal Serv.*, 729 F.2d 1033, 1036 (5th Cir. 1984); *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761-62 (5th Cir. 1989).  "Consolidation does not so completely merge the two cases as to deprive a party of any substantial rights that he may have had if the actions had proceeded separately, for the two suits retain their separate identities and each requires the entry of a separate judgment." *Miller*, 729 F.2d at 1036.

Plaintiff filed the instant cases, Cause No. 2:11cv23-KS-MTP and Cause No. 3:11cv59-DPJ-FKB, against Defendants Richard Price and Robert Buchanan, Jr. (respectively) to enforce the terms of Limited Guaranty Agreements between Plaintiff and Defendants.  The Limited Guaranty Agreements are identical and guarantee the same debt of Orleans Furniture, Inc. based on the Defendants' respective percentage of ownership.  Thus, the cases involve the same subject matter and common questions of law and fact.

Defendant Richard Price claims he and Mr. Buchanan will lose their individual assertions and defenses if the cases are consolidated.  He further claims that Plaintiff chose to file the actions separately ten months ago, and should not be able to change its mind after such a delay.  Finally, he claims that the matters should not be consolidated because he has demanded a jury trial, and Mr. Buchanan has not.

These two matters were filed within three days of each other.  While case management orders have been entered in both matters, they have the same discovery deadline of December 1, 2011, and the same motion deadline of December 15, 2011.  Indeed, the parties agreed to take joint depositions in the two actions because the witnesses are the same.[4]  While Mr. Price correctly points out that Plaintiff could have filed one action instead of two and/or should have raised the consolidation issue earlier, the court finds that consolidation of these cases will serve to

---

[4] *See* Joint Motion to Amend Case Management Order [19] in Case No. 3:11cv59-DPJ-FKB.

5

reduce the costs and expenses of all parties and will better utilize judicial time and resources.

Mr. Price has not demonstrated any real prejudice which might result if the motion to consolidate is granted. As set forth above, Mr. Prices's trial would not be tried with a jury if the cases remained separate. Mr. Buchanan does not oppose the Motion to Consolidate [14] filed in Case No. 3:11cv59-DPJ-FKB; he merely requests that he be entitled to a jury trial if the matters are consolidated and Mr. Price has a jury trial. *See* Response [15]. Accordingly, the motion should be granted.

IT IS, THEREFORE, ORDERED AND ADJUDGED:

1. That the Motion to Strike Demand for Jury Trial and to Consolidate Cases by Plaintiff [15] is GRANTED.

2. These matters are hereby consolidated for all purposes, including trial. These matters will be set for a bench trial before District Judge Keith Starrett. The deadlines in the Case Management Order [11] entered in Cause No. 2:11cv23-KS-MTP, including the trial date, apply to this consolidated matter.

3. All future pleadings and filings shall be filed only in Cause No. 2:11cv23-KS-MTP.[5]

4. All pending motions in Cause No. 3:11cv59-DPJ-FKB, including the Motion to Consolidate [14], shall be terminated.

SO ORDERED this 8th day of November, 2011.

            s/ Michael T. Parker
            United States Magistrate Judge

---

[5] "Consolidation of actions from different divisions of a district court will be controlled by the earliest filing date." L.U.Civ.R. 42.