# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

**BRANCH BANKING AND TRUST COMPANY**                                                **PLAINTIFF**

**VERSUS**                              **CIVIL ACTION NO. 2:11CV23KS-MTP**

**RICHARD PRICE**                                                    **DEFENDANT**

## ORDER

      This matter is before the court on Motion for Reconsideration **[#95]** filed on behalf of the defendant, Richard Price. The court having considered the motion, the response, the briefs of counsel, the authorities cited, and the being otherwise fully advised in the premises finds that the motion is not well taken and should be denied. The court specifically finds as follows, to wit:

      On May 15, 2012, this court entered summary judgment against Price in favor of Branch Banking. On May 29, Price filed the present motion to vacate its prior ruling, to alter or amend the ruling, to review ruling or make additional findings and conclusions. He has not cited to any rule in moving for reconsideration. The Federal Rules do not recognize a "motion for reconsideration" as such. However, the Fifth Circuit has consistently stated that a motion so denominated, provided that it challenges the prior judgment on the merits, will be treated as either a motion "to alter or amend" under rule 59(e) or a motion for "relief from judgment" under Rule 60(b). The proper denomination of the motion is determined by the time within which the motion is served.

      If the motion is filed within twenty-eight days of the judgment or order to which

the party complains, it is considered a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion. *Insurasource, Inc. v. Fireman's Fund Ins. Co.*, 2012 WL 1365083, at *1 (S.D. Miss., April 19, 2012, (citations omitted). Because Price filed his Motion within twenty-eight days of the court's Memorandum Opinion and Order, the court will treat it as a Rule 59(e) motion.

"A motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003) (*quoting Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir.1990)). Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law. *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir.2002).

In ruling on such a motion, the Fifth Circuit has instructed that "a district court should consider the following nonexclusive list of factors: (1) the reasons set forth by the movant justifying consideration of evidence or arguments that the movant failed to present in the underlying motion (2) the importance of the reconsideration of the underlying motion to the movant's case (3) whether the reasons set forth by the movant justifying the reconsideration were available to the movant before they responded to the underlying motion and (4) the likelihood that the non-movants will suffer unfair prejudice if the motion is reconsidered." *Harrigill v. U.S.A.,* 2004 WL 1595676 (S.D. Miss., June 1, 2004) (citing *Sturges v. Moore,* 73 Fed. Appx. 777, 778 (5th Cir. 2003)).

The present motion filed by Price merely seeks to reargue the same facts and the application of the same law to those facts as was argued in the original motion and

response. He is attempting a "second bite" at the apple. Neither the facts nor the law have changed in the intervening period of entry of the judgment and the present motion. Therefore, the court finds that the motion is not well taken and should be denied.

IT IS THEREFORE ORDERED AND ADJUDGED that Motion for Reconsideration **[#95]** is denied.

SO ORDERED AND ADJUDGED this the 13th day of June, 2012.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE